JOHN LAIR *v.* SAMUEL T. REYNOLDS.

**Appeal—Exception.**

Where a plaintiff did not except to an order permitting the filing of a cross-petition, but on the following day made a motion to set aside the order, and excepted to the overruling of that motion, such exception did not reach back to the order permitting the amendment to be filed, and the order, permitting the filing of the amendment, was waived.

**Judgment—Amount.**

A judgment can not be rendered for more than the amount called for by the pleadings.

APPEAL FROM HARRISON CIRCUIT COURT.

February 17, 1874.

OPINION BY JUDGE COFER:

When J. H. Lair & Co. leased the stillhouse premises from A. K. Lair, they undertook to pay him $150 per annum rent during the whole term of their lease; and when he sold the land and transferred the benefit of the lease to the appellee, he became entitled to demand and receive the annual rent from the lessees; and they could not defeat his right to it by permitting the lease to be sold to pay their debt. Nor does the fact that the lessor purchased the lease, in any way affect the rights of appellee or the liability of John H. Lair & Co.; they stand in precisely the same position as if some third person had purchased. It would hardly be contended that if some person, having no connection with the lease or with the land, had become the purchaser, the sale would have released the lessees from any further payment of rent. A. K. Lair was, in law, the vendee of J. H. Lair & Co., and held their title to the leased premises in the same manner that he would have done if he had purchased the lease from them by private contract.

If, instead of leasing the land for ten years, J. H. Lair & Co. had purchased the fee simple title, and it had been seized and sold to pay their debt to the United States, it could not be pretended that this would have presented an obstacle to the recovery by the vendor from his assignee of any balance of purchase money remaining unpaid by J. H. Lair & Co.; yet it seems impossible to distinguish the case supposed from the case at bar.

It does not matter that A. K. Lair was the purchaser, or that J. H. Lair & Co. have lost, while appellee is enjoying the use, or is renting, the leased premises. A. K. Lair purchased and paid for the interest held by J. H. Lair & Co., and might make such use of it as he saw fit, and if by any arrangement with him the appellee has become possessed of both the lease and a right to the rent due from J. H. Lair & Co., they have no legal ground of complaint. Their position would have been precisely the same if a stranger instead of A. K. Lair had purchased and now held the lease, instead of its being held by the appellee, who seems now to be the owner, both of the fee simple and the leasehold estate in the land.

The case was pending in this court when the amended cross-petition of the appellee was filed, and there was, therefore, nothing in the circuit court to amend; but the appellant, although he objected to the filing of the amendment, did not except to the order permit-

ting it to be filed, until the day after the order was made; and he could not, by making a motion to set aside the order filing the amendment and excepting to the order overruling that motion, reach back so as to affect the order made the day before and not then excepted to, and the error in permitting the amendment to be filed was therefore waived.

This amended cross-petition only set up one annual installment of rent, and this was all the court could properly render judgment for. The other installment was set up in an "answer to appellant's answer," which was never filed in court, and can not, therefore, be treated as a part of this record, and which, if a part of the record, would not have authorized a judgment.

For this error the judgment is reversed, and the cause is remanded with directions to render judgment for the appellee for $150, with interest from October 1, 1872.

*A. H. Ward, for appellant.*

*W. W. Trimble, for appellee.*